FILED

2012 Sep-26  AM 11:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

EBONY MELINDA LEWIS,                    )
                                        )
    Plaintiff,                          )
v.                                      )        CIVIL ACTION NO.:
                                        )        CV-12-AR-2784-S
THE BOARD OF TRUSTEES OF THE            )
UNIVERSITY OF ALABAMA,                  )
MICHAEL S. REDDY, DMD; KEN              )
TILASHALSKI, DMD; and STEPHEN           )
MITCHELL, DMD,                          )
                                        )
    Defendants.                         )

## DEFENDANTS' MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

Defendants respectfully move the Court for an order dismissing this case or, alternatively, entering summary judgment in their favor.  As grounds for this motion, defendants state:

1.    The claims against the Board of Trustees are barred by its sovereign or Eleventh Amendment immunity from suit.  The Board of Trustees is a state entity and therefore entitled to those immunities.  *Hutchinson v. Board of Trustees*, 288Ala. 20, 256 So. 2d 281 (1971); *Board of Trustees v. Garrett*, 531 U.S. 356 (2001).

2.    Plaintiff's Count I purports to be a claim for declaratory relief, and asks this Court to grant her readmission to the School of Dentistry ("SOD") or alternatively to permit a voluntary student-initiated withdrawal.

3.    This is an inappropriate case for declaratory relief, as federal courts should not be determining who should or should not be admitted to a professional school.  That

is inherently an academic decision to be made by dental school faculty, not a federal court. *See Board of Curators, University of Missouri v. Horowitz*, 435 U.S. 78 (1978).

4.    In addition, plaintiff has not pointed to any specific policy or statute to be interpreted for purposes of a declaratory judgment action.

5.    The SOD's academic guidelines provide that the Academic Performance Committee ("APC") may recommend dismissal of a student for any failing grade or continued poor/marginal academic performance. *See* Defendant's Exhibit E, pp. 2 and 4. Plaintiff's complaint alleges that she initially received a grade of 65 in the Cardio/Renal course, and when allowed a remediation exam in the same course received a grade of 59. Complaint ¶¶ 60 and 65.

6.    The academic guidelines also provide that a student may appeal a grade. Defendant's Ex. E, p. 3.  However, the plaintiff did not take advantage of this opportunity to appeal her failing grade. *See* Ex. B, Tilashalski Aff. at ¶ 6.

7.    In addition, the academic guidelines provide that a student may request a leave of absence, and that potentially acceptable grounds for requesting such a leave include "personal/social problems[.]" Defendant's Ex. E, p. 8.  However, the plaintiff never requested such a leave of absence.  Ex. B, Tilashalski Aff. at ¶ 12.

8.    Plaintiff was offered formal tutoring after receiving a failing grade and prior to taking a remediation examination, but refused it.  Complaint, ¶¶ 44 and 64; Defendants Ex. B, ex. 1.

2

9.     The Supreme Court and the Eleventh Circuit Court of Appeals have both recognized that "academic dismissals [are] not easily adapted to traditional review, and that the standards covering academic dismissals [are] not as strict as those required in disciplinary actions." *Haberle v. University of Alabama in Birmingham*, 803 F. 2d 1536, 1539 (11th Cir. 1986), *citing Horowitz, id.*

10.     In fact, in *Haberle* the Court held that academic dismissals do not require formal hearings. *Id.* Academic decisions should not be interfered with by courts. *Haberle* at 1541.

11.     While plaintiff's claim for declaratory relief asserts that she is being deprived of Constitutional and contractual rights, she does not identify what those rights are.

12.     Count II of plaintiff's complaint asserts that defendants are violating the provisions of the Fourteenth Amendment, and purports to make claims under 42 U.S.C. § 1983 and 42 U.S.C. §2000(d) *et seq.*

13.     The Board of Trustees' sovereign immunity from suit bars a claim against it under the cited statutes. *Quern v. Jordan*, 440 U.S. 332 (1979).

14.     Further, the individual defendants' qualified immunity from suit bars the claims against them. *Saucier v. Katz*, 533 U.S. 194 (2001). Qualified immunity should be asserted early in the proceedings so as to avoid the necessity for a defendant to be burdened with discovery. 533 U.S. at 200.

3

15.     Plaintiff's Count III fails to state a claim upon which relief can be granted. While plaintiff contends in Count III that she was deprived of due process, elsewhere in her complaint she specifically alleges that she was afforded a hearing before the faculty council, and that she had a hearing before the APC. *See* Complaint ¶¶ 66, 68 and 94-97. The review and hearing process outlined in the SOD guidelines was followed with respect to plaintiff's dismissal from the SOD. *See* Defendant's Ex. E.

16.     Plaintiff contends in Count III that her dismissal was "arbitrary, pretextual, and occasioned by the desire to engage in unlawful or unconstitutional, racial, ethnic and socio-economic discrimination." (Complaint ¶ 123).  However, this is contradicted by her own allegations that she did in fact receive hearings and had her case reviewed by faculty members. *Id.; see also* Defendants' Ex. B at ¶¶ 15 - 17 and Exs. 3 and 4 thereto (minutes of meetings of the APC and Faculty Council voting to uphold plaintiff's dismissal).

17      With respect to the state law claims, Article I, §14 of the Alabama Constitution bars those claims against the Board of Trustees. *Hutchinson, id.*; *Alabama State Docks Terminal Railway v. Lyles*, 797 So. 2d 432, 435 (Ala. 2001).

18.     The individual defendants' state-agent immunity also bars the state law claims contained in Counts IV through VII of the complaint. *Ex parte Cranman,* 792 So. 2d 392, 405 (Ala. 2000) (plurality opinion), adopted by a majority of the Court in *Ex parte Butts,* 775 So. 2d 173, 178 (Ala. 2000). The allegations of the complaint clearly

4

show that the individual defendants were exercising their judgment in the discharge of duties imposed by statute, rule or regulation in educating students. *See Cranman, id.*

19.     Plaintiff's complaint does not allege that the individual defendants acted "willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law[,]" as required to avoid the individual defendants' state agent immunity. *Ex parte Butts, id.*

20.     Dr. Stephen Mitchell is due to be dismissed as he took no action with respect to the plaintiff's dismissal from the SOD. He was not a member of the Academic Performance Committee, nor of the Faculty Council. *See* Ex. D hereto.

21.     Count VII of plaintiff's complaint fails to state a claim. It purports to be a claim for invasion of privacy, but contains no factual allegation showing that plaintiff's privacy was invaded. *See Iqbal v. Ashcroft*, 556 U.S. 662 (2009).

22.     In the event that this Court does not dismiss all of plaintiff's claims, Plaintiff's claim for punitive damages must be stricken as punitive damages cannot be recovered from the Board of Trustees, a state entity. *Ala. Code* §6-11-26 (1975); *Harrelson v. Elmore County,* 859 F. Supp. 1465 (M.D. Ala. 1994).

23.     Further, the allegations of the plaintiff's complaint do not justify an award of punitive damages against any defendant. *See Kolstad v. American Dental Assn.*, 527 U.S. 526, 1195 S. Ct. 2118, 2125 (1999); *Ferrill v. Parker Group, Inc.*, 168 F. 3d 468, 476 (11th Cir. 1999)(punitive damage award requires a showing that defendant acted with

malice or reckless indifference to civil rights). In light of the undisputed fact that a white male was dismissed from the program at approximately the same time as the plaintiff, there can be no showing of malice or reckless indifference.

Attached hereto in support of this motion are the following evidentiary submissions.

Exhibit A -   Affidavit of Dr. Michael S. Reddy, Dean of the School of Dentistry

Exhibit B -   Affidavit of Dr. Ken Tilashalski, with exhibits

Exhibit C -   Affidavit of Dr. Louis Dale

Exhibit D -   Affidavit of Dr. Stephen Mitchell

Exhibit E -   School of Dentistry Academic Guidelines (December, 2011 revision in effect at the time of plaintiff's dismissal)

                                /s/ Lisa Huggins
                                Lisa Huggins
                                Cary Tynes Wahlheim
                                Office of Counsel
                                University of Alabama System
                                1720 2nd Ave. South, AB 820
                                Birmingham, AL 35294-0108
                                (205) 934-3474
                                Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the Clerk of Court via the CM/ECF electronic filing system this 26th day of September, 2012 and the Clerk will serve the attorneys of record via electronic filing.

Richard A. Rice
VULCAN LEGAL GROUP, LLC
2229 First Avenue South - Ste. 225
Birmingham, Alabama 35233

/s/ Lisa Huggins
OF COUNSEL

7

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| EBONY MELINDA LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-12-AR-2784-S |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ALABAMA, | ) | |
| MICHAEL S. REDDY, DMD; KEN | ) | |
| TILASHALSKI, DMD; and STEPHEN | ) | |
| MITCHELL, DMD. | ) | |
| | ) | |
| Defendants. | ) | |

### AFFIDAVIT OF MICHAEL S. REDDY

STATE OF ALABAMA    )

JEFFERSON COUNTY    )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared Michael S. Reddy, who is known to me and who said the following:

1.     My name is Michael S. Reddy.  I am over 19 years of age and have personal knowledge of the facts stated in this affidavit.

2.     I am Dean of the School of Dentistry ("SOD") at the University of Alabama at Birmingham, a division of the Board of Trustees.

3.     I held this position as dean during the 2011-2012 academic year when Ebony Melinda Lewis ("Lewis") was a student in the School of Dentistry.  All of my

## EXHIBIT A

actions regarding Lewis were taken in the scope of my official capacity as Dean of the SOD.

4.      SOD actively attempts to recruit African-American and other minority students.

5.      The school has an affirmative action officer who is available to minority students who ask for help.

6.      In June 2012, Ms. Lewis informed me that during her first semester in the SOD, her grandmother died.  Prior to that time, I was not aware that Lewis had lost her grandmother or had any other family issues.

7.      Nonetheless, I am not aware that Lewis ever asked for any help academically or otherwise from the affirmative action officer or anyone else in the SOD.

8.      In January, at the beginning of Lewis's second semester in the SOD, she had an uncle who developed health problems.

9.      Again, however, Lewis did not to my knowledge request help from anyone with the school.

10.     The SOD Academic Performance Committee ("APC") determined that Lewis's record as a whole did not indicate that she could successfully complete training to become a dentist.

11.     Lewis's dismissal from the SOD had nothing whatsoever to do with her race.

12.     Lewis was given hearings in accordance with School policies as well as an appeal from the decision to dismiss her as a dental student from the SOD.

13.     At approximately the same time as plaintiff's dismissal, the SOD also dismissed a white male student whose academic performance was inadequate, but better than Lewis's.

14.     The facts stated in this affidavit are true and correct to the best of my knowledge and belief.

_____
Michael S. Reddy

Sworn to and subscribed before me on this _19th_ day of September, 2012.

_____
Notary Public

My Commission Expires: _My Commission Expires 3/25/2015_

3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EBONY MELINDA LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-12-AR-2784-S |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ALABAMA, | ) | |
| MICHAEL S. REDDY, DMD; KEN | ) | |
| TILASHALSKI, DMD; and STEPHEN | ) | |
| MITCHELL, DMD. | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DR. KENNETH TILASHALSKI

STATE OF ALABAMA    )

JEFFERSON COUNTY    )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared Dr. Kenneth Tilashalski, who is known to me and who said the following:

1.      My name is Kenneth Tilashalski.  I am over 19 years of age and have personal knowledge of the facts stated in this affidavit.

2.      I am employed by the defendant Board of Trustees, as Faculty and as Associate Dean of the School of Dentistry.  All of my actions relating to plaintiff Ebony Lewis were taken in the scope of my official capacity.

# EXHIBIT B

3.     Plaintiff Ebony Lewis was dismissed from the School of Dentistry ("SOD") due to her woefully inadequate performance as a first-year dental student, in accordance with the procedures outlined in the SOD's Academic Guidelines.

4.     At approximately the same time as Lewis was dismissed, a white male student in the same year was also dismissed from the SOD.

5.     Lewis failed at least 18 individual examinations or assessments, while the white male failed at least 16 examinations or assessments.

6.     Plaintiff Lewis did not appeal her failing grade in the Cardiovascular and Renal Systems course.  She did appeal her dismissal from the school, but the failing grade remained.

7.     Lewis's first-year performance was the worst that I can remember during the time that I have served as Chair of the Academic Performance Committee ("APC").

8.     I found out via an email on May 14, 2012 that Ms. Lewis's grandmother had passed away in the prior (Fall, 2011) semester.  I offered to arrange for the plaintiff to talk to someone about her feelings, which she eventually did.

9.     I offered to arrange for peer tutoring sessions to help Lewis prepare for the competency examination in the Cardiovascular and Renal Systems course, but she declined that assistance.

10.    Attached hereto as Exhibit 1 to my affidavit is a printout of an exchange of emails between myself and Ms. Lewis in the May 13-14, 2012 time period.

2

11.     Another student who also exhibited poor performance was allowed to repeat the first year in its entirety because she showed more potential to succeed in dental school than the plaintiff. Specifically, she had failed 5 examinations or assessments whereas Lewis failed 18.

12.     The plaintiff never asked for a leave of absence from dental school to deal with her family issues, which most likely would have been granted.

13.     Attached hereto as Exhibit 2 to my affidavit is a letter dated June 21, 2012 which I sent to Lewis. The letter explains that she earned a failing grade in Cardiovascular and Renal Systems course and also failed a subsequent competency exam.

14.     In Exhibit 2, I explained that the APC recommended that Lewis be dismissed from the SOD and that I concurred with that recommendation.

15.     After extensive discussion, the APC did recommend that Lewis be dismissed from the SOD based on her global marginal performance in all her classes.

16.     Lewis was ranked 56th out of 56 students following the fall 2011 term. She was also ranked 56th out of 56 students following the spring 2012 term.

17.     The Faculty Council voted to uphold Lewis's dismissal after hearing her reasoning and witnesses. Six members voted in favor of her dismissal with one member voting against it.

18.     The facts stated herein are true and correct to the best of my knowledge and belief.

3

Dr. Kenneth Tilashalski

Sworn to and subscribed before me on this 26ᵗʰ day of September, 2012.

Notary Public

My Commission Expires: _My Commission Expires 3/25/2015_

4

**Subject:** RE: Cardiovascular & Renal Systems
**Date:**    Monday, May 14, 2012 9:01:07 AM Central Daylight Time
**From:**    Ebony Melinda Lewis
**To:**      Ken R Tilashalski

Dr. T,

Thank you, I really appreciate the support. I will definitely let you know.

Ebony Lewis

**From:** Ken R Tilashalski
**Sent:** Monday, May 14, 2012 7:47 AM
**To:** Ebony Melinda Lewis
**Subject:** Re: Cardiovascular & Renal Systems

Ebony, I'm sorry to hear of the extra stresses that you have had in your life—dental school is enough stress all by itself!  We work with a variety of health care providers, and if you need someone to talk to I can arrange for the best on campus.  Just let me know.  T.

**From:** Ebony Melinda Lewis <emlewis@uab.edu>
**Date:** Mon, 14 May 2012 07:22:10 -0500
**To:** Ken R Tilashalski <drt@uab.edu>
**Subject:** RE: Cardiovascular & Renal Systems

Hi Dr. T,

Thank you so much. I have been having family health issues this semester, which has been disappointing for me, aside from the fact that my grandmother passed away last semester. I do feel that I will be able to pass the course, and could have done much better. The issue has been more so outside circumstances rather than the course being difficult in itself, I didn't realize how much of an effect it could really have. I do feel that I will be able to handle the rest of the semester, however if I need assistance I will definitely stay in touch.

Thank you so much for your concern,

Ebony Lewis

**From:** Ken R Tilashalski
**Sent:** Sunday, May 13, 2012 9:26 AM
**To:** Ken R Tilashalski
**Subject:** Cardiovascular & Renal Systems

Dr. Elzie has kept be apprised of your progress in the Cardiovascular & Renal Systems.  Please let me know if I can be of assistance with the course.  For example, wee can arrange for peer tutoring sessions.

And while I do not want to make any assumptions, if there is anything else that is making life challenging, we can offer some help as well.

T.

Ken Tilashalski
Cell: (205) 777-1613
Office: (205) 934-1185

# EXHIBIT 1

The contents of this e-mail message and any attachments are confidential and are intended solely for the addressee(s).  The information

may also be privileged and confidential by law. This transmission is sent in trust, for the sole purpose of delivery to the intended recipient. If you have received this transmission in error, any use, reproduction, or dissemination of this transmission is strictly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail or at (205) 934-1185 and delete this message and its attachments, if any.

 SCHOOL OF
DENTISTRY

*Office of Academic Affairs*

June 21, 2012

Ms. Ebony M. Lewis
1905 16th Avenue South, Apt D
Birmingham, AL 35205

Dear Ms. Lewis:

The Academic Performance Committee met and discussed grades for the year-end
review of students.  It was noted that you earned a failing grade in *Cardiovascular &
Renal Systems (course #1260)* having failed the course and the subsequent
competency exam.  Also, it was noted that you have experienced academic
difficulties throughout your D1 year and have performed marginally throughout the
curriculum.

The Committee recommends that you be dismissed from the School of Dentistry.  I
concur with that recommendation.

Feel free to contact me with any questions you may have.

Sincerely,

Ken Tilashalski, DMD
Associate Dean, Academic Affairs

cc:  Dr. Michael Reddy
      Dr. Maureen Pezzementi
      Ms. Cindy Edwards

405 School of Dentistry Building
1919 7th Avenue South
205.934.1945
Fax 205.934.4952
www.dental.uab.edu

The University of
Alabama at Birmingham
Mailing Address:
SDB 405
1530 3RD AVE S
BIRMINGHAM AL 35294-0007

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EBONY MELINDA LEWIS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-12-AR-2784-S |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ALABAMA, | ) | |
| MICHAEL S. REDDY, DMD; KEN | ) | |
| TILASHALSKI, DMD; and STEPHEN | ) | |
| MITCHELL, DMD. | ) | |
| | ) | |
|     Defendants. | ) | |

## AFFIDAVIT OF DR. LOUIS DALE

STATE OF ALABAMA   )

JEFFERSON COUNTY   )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared Dr. Louis Dale, who is known to me and who said the following:

    1.    My name is Louis Dale. I am over 19 years of age and have personal knowledge of the facts stated in this affidavit.

    2.    I am Vice-President for Equity and Diversity with the University of Alabama at Birmingham, a division of the Board of Trustees of the University of Alabama.

    3.    The plaintiff Ebony Melinda Lewis sent a complaint to the president of UAB stating that she felt that she was wrongly dismissed as a student from the School of

# EXHIBIT C

Dentistry.    The president referred her complaint to me for investigation.

4.    Upon receiving this complaint, I met with the Dean and another faculty member from the SOD to begin to investigate the circumstances of Ms. Lewis' dismissal. I scheduled a meeting with Ms. Lewis for the next day.

5.    However, the day of the meeting Ms. Lewis called my office and cancelled the meeting.

6.    The facts stated in this affidavit are true and correct to the best of my knowledge and belief.

_____
Louis Dale

Sworn to and subscribed before me on this _19th_ day of September, 2012.

_____
Notary Public

My Commission Expires: _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: July 12, 2015
BONDED THRU NOTARY PUBLIC UNDERWRITERS

2

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EBONY MELINDA LEWIS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | CV-12-AR-2784-S |
| THE BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ALABAMA, | ) | |
| MICHAEL S. REDDY, DMD; KEN | ) | |
| TILASHALSKI, DMD; and STEPHEN | ) | |
| MITCHELL, DMD. | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF DR. STEPHEN C. MITCHELL

STATE OF ALABAMA   )

JEFFERSON COUNTY   )

Before me, the undersigned Notary Public, in and for said County and State, personally appeared Dr. Stephen C. Mitchell, who is known to me and who said the following:

1.     My name is Stephen C. Mitchell.  I am over 19 years of age and have personal knowledge of the facts stated in this affidavit.

2.     When Ebony Lewis was dismissed as a student from the UAB School of Dentistry ("SOD"), I had no involvement in that decision.

# EXHIBIT D

3.      I was not a member of either the Academic Performance Committee, nor of the Faculty Council, and therefore not a part of the decision to dismiss Lewis as a student from the SOD.

4.      The facts stated herein are true and correct to the best of my knowledge and belief.

_____
Dr. Stephen C. Mitchell

Sworn to and subscribed before me on this 26 day of September, 2012.

_____
Notary Public

My Commission Expires: 3/7/2016

2



### University of Alabama at Birmingham
### School of Dentistry

## ACADEMIC GUIDELINES

### ACADEMIC STATUS

The responsibility of the University of Alabama at Birmingham School of Dentistry (SOD) includes the academic oversight of all students pursuing the DMD degree. The Academic Performance Committee (APC) is charged with monitoring and assessing the academic status of students in the DMD program. The Associate Dean of Academic Affairs (Associate Dean) serves as the Chair of the APC. The APC will meet on a regular basis, but no less frequently than at the close of each term. The APC will review grades and other material pertinent to student progress and evaluate the information as it relates to established school policy. Based on this information, the APC will make recommendations to the Associate Dean regarding promotion, probationary status, repetition, remediation, and dismissal. The final decision of academic status rests with the Associate Dean. These guidelines may be revised periodically, and academic decisions will be governed by the version of the Academic Guidelines in place at the time of the decision.

It should be noted that the APC reviews material, in addition to grades, when determining promotion recommendations for students. Grades, professionalism including ethics, academic interactions, performance on the National Dental Board Examination, among other relevant indicators are considered in the evaluation process.

### Promotion/Graduation

Students with satisfactory professional conduct, no standing course failure, and a yearly and cumulative grade point average (GPA) of 2.0 or greater may be recommended for promotion to the succeeding term, or for graduation if in the final term. Passing scores on Parts I and II of the National Board Dental Examination (NBDE), are required for promotion and graduation, as well as demonstration of acceptable professional ethics and personal conduct. This is in addition to other SOD and University policies including, but not limited to, appropriate medical clearance, the return of all institutional property, and payment of financial obligations.

### Academic Probation

A recommendation that a student be placed on probation may be made on receipt of any failing grade, failure of the NBDE, or continued marginal academic performance. Additionally, probation can be applied as a result of violations of the Student Ethics Code. Academic probation is a warning to the student that he/she must show substantial improvement to avoid repetition or dismissal. The APC will make recommendations regarding the conditions of the probationary period to the Associate Dean.

## EXHIBIT E

### Repetition/Dismissal

A recommendation for repetition of the academic year will be made if the APC determines that a student has the potential to complete the DMD program, but has not met the criteria to justify promotion to the next class level or for graduation.  Any modification of the curriculum for the year being repeated will be at the discretion of the Associate Dean.  Repetition of a year for academic deficiencies or as a result of ethics sanctions will be allowed to occur only once.

A recommendation for academic dismissal may be made if sufficient evidence exists to indicate that a student will not be able to correct past academic deficiencies within a reasonable period of time.  Once a student has been dismissed for academic reasons or ethics violations, future readmission to the SOD will not be considered.

The APC may recommend repetition or dismissal if a student does not, in their judgment, show sufficient promise to justify allowing the student to continue the study of dentistry, regardless of the student's grades.  A student may be judged unpromotable or be dismissed when he/she has displayed repeated lack of professionalism with respect to the management of patients, or in their interactions with other students, staff, or faculty.  These factors, or any other concerns regarding professionalism, among others, may be treated equally in importance with other academic standards in that they reflect the developing capacity to deliver a high standard of health service.

Any of the following conditions may justify the APC's recommendation for repetition or dismissal:
- Any failing grade.
- A failing grade and subsequent failure of the remediated course.
- Nonfulfillment of the outlined remediation of a failed course.
- Lack of appropriate professional development.
- Non-compliance of the Student Code of Ethics.
- Continued poor/marginal academic performance.

### Procedure for student notification

The Associate Dean, or their designee, will convey any decisions involving academic actions to the appropriate student.  An attempt will be made to notify the student in-person, but if this cannot be done in a timely manner the involved student may be notified via telephone, email, or U.S. mail sent to the student's address listed in the SOD's records.

The notification to each student shall include:  the student's academic deficiencies, the Associate Dean's decision, any probationary stipulations, and the conditions for resumption of studies in the case of repetition.

## GUIDELINES FOR APPEAL

### Grade appeal

A student may appeal a grade in a course if he/she feels one of the following applies: 1. The grading was not in accordance with published course grading policy; 2. Inconsistencies were made in application of evaluation standards among students; 3. A procedural error occurred in establishing the grade (i.e. mathematical error); 4. The grading was arbitrary or capricious; or 5. The grading was affected by considerations of basis of race, disability, gender, ethnicity, or religious affiliation.

The student should seek resolution using the following steps:

1) Clarification should be sought from the course director in an attempt to resolve the disagreement without further appeal. This step must be completed within two weeks of the release of the course grade in the BlazerNET/Banner system.

2) If the matter is not resolved by consultation with the course director, the student may submit a written appeal to the chair of the department in which the course is given. This must be accomplished within two days after the conclusion of step 1 for consideration. The written appeal must state the basis for the appeal. The department chair will make a decision for or against the appeal. If the decision is for the appeal, the chair will change the grade assigned.

3) If the chair's decision is against appeal, the student may make a final appeal to the Associate Dean. This must be done within two days after the department chair's decision. The Associate Dean will review the matter and then make a decision whether or not to dismiss the appeal. If the decision is to hear the appeal, the Associate Dean will appoint an *ad hoc* committee of four faculty and one student to conduct a hearing. The student has the right to challenge the seating of members of the *ad hoc* committee for just cause. If the challenge is deemed to have reasonable merit, the Associate Dean will appoint replacement members for the hearing. The *ad hoc* committee will make a recommendation to the Associate Dean, whose decision will be final.

### Academic status appeal

If a student believes there is reasonable cause to request an appeal of the decision made by the Associate Dean for dismissal or repetition of a year, the student must address a request in writing to the Chair of the Faculty Council along with the rationale or basis for the request within one week of the notification of the academic actions. The Chair of the Faculty Council will conduct a meeting of the Council as outlined below.

A hearing of the Council will be conducted as follows:

1) Minutes of the proceedings shall be kept. These will be placed in the student's academic file in the Office of Academic Affairs.

2) The Chair of the Council will call the meeting to order and will introduce the members present.

3) The Associate Dean or his/her designee will present the rationale for the recommendations and decision relating to the student's academic status. The student that initiated the appeal will not be present during this testimony.

4) The student shall then present his/her rationale for reversal of the Associate Dean's decision. The student may have an advisor present and may call witnesses on his/her

behalf.  The advisor may not take part in the hearing and if the advisor becomes disruptive they may be dismissed.

5)  Council members may question witnesses, the student, and the Associate Dean as they deem necessary.  The Council may also call additional witnesses.

6)  After hearing the testimony, the Council shall meet in closed session where discussion shall take place followed by a motion for or against the Associate Dean's decision.  A vote will be taken by secret ballot with a simple majority ruling.  A vote in support of the Associate Dean's decision will end the appeal process at the SOD level.  A vote in favor of the student's appeal will be followed by discussion and recommendations by the Council to the Dean of the SOD.  These recommendations may range from less severe penalties to the complete lifting of academic actions.

7)  The Chair of the Faculty Council will communicate the results of the vote and any recommendations to the Dean and the Associate Dean.  The Dean may implement or modify the Faculty Council's recommendation.  The Dean of the SOD or their designee will issue a written final decision to the student via certified mail or hand delivery with copies distributed to the Chairs of the Faculty Council and to the Associate Dean.  The Dean's decision is final for the SOD.

## THE GRADING SYSTEM

Grades are intended to reflect the performance or degree of learning by the individual student.  All grades assigned after a careful review of information about a student's performance that was obtained in a systematic, reliable, and valid a manner as possible.

*A*  Mastery of course content at the highest level of attainment that can reasonably be expected of a student at a given stage of development.  The *A* grade states clearly that the student has shown outstanding performance in the discipline under study.

*B*  Strong performance demonstrating a high level of attainment for a student at a given stage of development.  The *B* grade states that the student has shown solid performance in the discipline under study.

*C*  An acceptable performance demonstrating a minimally adequate level of attainment for a student at a given stage of development.  The *C* grade states that, while not yet showing unusual promise, the student may continue to study in the discipline with reasonable hope of intellectual development.

*F*  An unacceptable performance.  The *F* grade indicates that the student's performance in the required exercises has revealed poor understanding of the course content and a lack of competency in the stated area.  The APC will make recommendations to the Associate Dean as to whether to allow remediation of the failed course of if more severe academic action is justified (repetition or dismissal).  If remediation is allowed, the course director must submit to the student, the department chair, and the Office of Academic Affairs a Deficient Grade Report Form (see Appendix A) assessing the student's performance and potential, and outlining a remediation plan.

*I*  A temporary grade of *I* may be assigned at the discretion of the course director when, due to extraordinary circumstances, the student was prevented from completing the work of the course on time.  For an *I* to be awarded, the following circumstances must be met:

the student does not complete all course requirements by the final day of the course; the student's performance has been satisfactory to within two weeks of the end of the course; the student presents proof satisfactory to the course director that circumstances beyond their control prevented completion of course requirements, and such proof must be received by the course director no later than the deadline for grade submission as set by the Chair of the APC.  The *I* grade is not intended to be used when the course work has been unsatisfactory, even though retesting or remediation is planned.  The assignment of an *I* requires a written agreement between the course director and student specifying the time and manner in which the student will complete the course requirements during the student's next period of enrollment.  Assignments to make up an *I* must be submitted by the end of the next semester of enrollment at the SOD or earlier if mandated by the course director; if not submitted by that time the *I* will automatically change to an *F*.  The grade of *I* may be removed upon successful completion of required course work without restriction as to the grade assigned.

*G*       On rare occasions, a student may be exempted from a course, and thus will be assigned the *G* grade designation.  Requests for exemption are handled on an individual basis and the decision to allow a student to be exempt from a course rests solely with the Associate Dean after consultation with the appropriate course director.  The *G* grade is not computed into the student's GPA.  A student who exempts a course or courses will be considered on a special track and a class ranking will not be generated.

A student will not be eligible for graduation if they have not successfully completed or remediated any grades of *I* or *F*.  Any remedial or make-up work after the final term of the D4 year will require re-enrollment at the SOD for at least an additional term with all associated tuition and fees.

## Pass/Fail Grades

The Pass/Fail grading system applies in certain courses and is specified in the evaluation section of the individual course syllabus.  When a Pass grade is awarded, the student earns credit for the course, however this is not a component of the student's GPA.  A failing grade in a Pass/Fail course will trigger the same outcomes as outlined previously under *F*.

## Remediation

Any failing course grade must be remediated.  A fee, as approved by the University and the Board of Trustees of the University of Alabama, will be charged for any course that is remediated.  Remediated courses will have a new course number, and will be graded on the Pass/Fail system.  The original course grade as well as the remediated course grade will both appear on student transcripts.  Some courses may not offer remediation, as determined by the course director and the Associate Dean.  Examples of such courses are large preclinical/clinical courses, and most basic science courses.  In the basic science curriculum, an optional comprehensive examination may be offered instead of remediation.  If no remediation is offered, the APC may allow a student to remediate the course while repeating the year.  The APC and Associate Dean may consider other methods of remediation as well.

It is desirable that any remediable $F$ grade received in a didactic course be remediated within four weeks of the release of the course grade in the BlazerNET/Banner system or the conclusion of a grade appeal but this is at the discretion of the course director in consultation with the Associate Dean. The remediation may be satisfactorily completed by a variety of exercises and is at the discretion of the course director. These exercises may include any or all of the following: re-examination, an oral examination, a written assignment, reading assignments, additional laboratory exercises, and doing additional reports. The course director is to notify the student in writing (the Deficient Grade Report Form, Appendix A, can be used) of the terms of the remediation exercise. If a course is not successfully remediated within the specified time frame, the student will be subject to dismissal from the DMD program or repetition of the academic year.

Failing grades in clinical and laboratory disciplines if allowed often cannot be remediated in a four-week period, although course directors are encouraged to comply with this time period. $F$ grades in clinical courses may require additional time in the preclinical dentistry laboratory and/or additional enrollment within the SOD.

In addition, a student with marginal performance, even with passing grades, may be required to perform remedial work to continue in the DMD program. Furthermore, if the APC decides that the student's performance may compromise entry into a sequential course or program or will jeopardize the treatment of patients, remedial work and may be assigned as warranted and may require additional enrollment within the SOD. If a student's clinical performance is deemed by the APC to compromise patient welfare, a student may be withdrawn from clinical activities until they are deemed prepared to re-enter clinical activities.

## HONORS

### Dean's List

Students who exhibit commendable professional behavior and whose grade point average (GPA) while enrolled as a full-time student is in the top ten percent of the class and who have not received any unsatisfactory or failing grades for the year are named to the Dean's List. In the event that more than ten percent of the students in a class have 4.0 GPA's for a given year, and possess the other requirements noted herein, all shall be named to the Dean's List. If ethics violations occur, a student who would otherwise qualify for the Dean's List may not receive this honor as determined by the Associate Dean.

**Honors in Research:** *See SOD website for details*
*(http://www.dental.uab.edu/students/current-students.html).*

## POLICY ON NATIONAL BOARD DENTAL EXAMINATIONS

All candidates for the DMD degree must pass both Part I & II of the NBDE. In addition, the following policy will be enforced. Modifications of the guidelines set forth in Sections 1 and 2 below can be made on a case-by-case basis at the discretion of the Associate Dean.

1.    National Board Dental Examination Part I

The Director of Student Affairs will arrange a meeting with the D2 class during the fall term to discuss registration for Part I of the NDBE. It is the student's responsibility to register for the computer exam. The deadline for registration for the exam is the date course grades for the Board Review course, which is given in December, are released into the BlazerNET/Banner system. The student **must** take the exam between the end of the fall term of the D2 year and the end of the subsequent spring holiday or the student may be removed from scheduled courses. If a student fails Part I at this time, the student must retake the exam after the minimum wait of 90 days but no later than the end of the break following the D2 year. The retake of the exam must be taken by this date or the student may be withdrawn from the SOD. If the student fails the exam again on their second attempt the student will be withdrawn from the SOD and repeat the D2 year in its entirety. The student would be required to pay all associated tuition and fees for this repeated year. A third failure of the exam would mandate dismissal from the SOD.

2.    National Board Dental Examination Part II

The Director of Student Affairs will arrange a meeting with the D3 class during the spring term following the spring holiday to discuss registration for Part II of the NBDE. It is the student's responsibility to register for the computer exam. The deadline for registration for the exam is the end of the third week of May. The student **must** arrange to take the exam between the second week of June and the end of the fall break of the D4 year. Failure to take the exam by the deadline will result in academic actions as determined by the Associate Dean after consultation with the APC. These actions may include administrative withdrawal from the SOD. If a student fails Part II, they have the opportunity to retake the exam after the minimum wait of 90 days. If the student fails the exam a second time, they have the opportunity to retake the exam after the minimum wait of 90 days from the second exam date. If the student fails the exam a third time, the student will be dismissed from the SOD and will not receive their degree.

## WITHDRAWALS and LEAVES OF ABSENCE

### Administrative Withdrawals

Students who will be repeating all or part of the academic year as a result of academic sanctions or ethics violations may be administratively withdrawn from the SOD. The Associate Dean will determine the conditions for resumption of studies and the student's academic status.

### Student-Initiated Withdrawals

A student-initiated withdrawal means that the student is voluntarily severing his/her connection with the SOD, prior to the completion of requirements for the DMD degree. Reasons might include changes in career objectives or other personal matters. The student's request for withdrawal shall be made in writing to the Associate Dean. Consistent with the University policy, the Associate Dean may approve the student's request for withdrawal, but such approval carries no stated or implied commitments concerning future readmission to the SOD.

If a student withdraws from the SOD prior to the second week of a term, course grades will not be given. Withdrawal following the second week will result in grades in any courses that have been initiated; however, if a course starts mid-term after the student-initiated withdrawal, a grade will not be generated. If the student withdraws following the close of a term, all course grades will be entered on the student's transcript.

Tuition for the term will be refunded if withdrawal occurs prior to the second week of a term. Fifty percent of tuition will be refunded if withdrawal occurs between week two and week four of the term. No refund of tuition will be made for withdrawals after the fourth week of a term.

### Leaves of Absence

Leave of absence means that the student is temporarily halting his/her dental education at the SOD. The intense nature of dental education and the progressive development of patient care skills requires continuous enrollment. Therefore, except for bona fide conditions that compromise continued enrollment, a temporary leave of absence from the SOD is not possible. Potentially acceptable grounds for requesting a leave of absence include medical, financial hardship and/or other personal/social problems, and government required services (e.g., grand jury duty, military service, etc.). However, mere existence of these grounds does not ensure that the request will be granted. Anticipated academic difficulty is not grounds upon which to seek a leave of absence. If a leave of absence is granted during a term, the student will not receive grades for any courses in which they are currently enrolled.

The student's request for a leave of absence shall be made in writing to the Associate Dean, and for a period not to exceed one year. The request shall set forth the period of absence desired, the reasons for the absence, and any other pertinent information. For those requesting government-required services, a copy of jury summons or a copy of military orders including the date of induction and duration must accompany the written request. To qualify for a leave of absence for a medical condition, the student must present a letter from their physician stating the nature of the medical condition, the reason why the student cannot continue in school, the expected duration of the condition, and the prognosis for successful resolution of the condition. Students requesting a leave of absence may be required to be evaluated at UAB's Physician Resource

Office and the student may also be required to undergo a secondary evaluation coordinated through the Physician Resource Office.

In making the decision on the request, the Associate Dean will consider the following factors: the student's reasons as stated in the request, the student's academic record, and the feasibility of reserving an open position in the SOD's enrollment upon returning. If the request is approved, the student is assured the opportunity to return to the SOD at a designated time as stipulated in the Associate Dean's letter of approval. Included in this letter may be conditions stating make-up or remedial work required of the student. The student must confirm his or her plans to re-enroll by notifying the Associate Dean in writing at least 30 calendar days prior to the previously determined re-enrollment date. If the student fails to notify the Associate Dean or does not return to the SOD at or before the designated time for expiration of the granted leave of absence, he/she shall be deemed to have withdrawn from the SOD.

Tuition for the term will be refunded if approval of the leave occurs prior to the second week of a term. Fifty percent of tuition will be refunded if it occurs between week two and week four of the term. No refund of tuition will be made for an approved leave of absence after the fourth week of a term.

## MAXIMUM PROGRAM LENGTH

Students are expected to complete the DMD program in four academic years. Due to extenuating circumstances, including leaves of absence or repetition of a year, students may require more than four academic years to complete the program. If additional time to complete the program is granted, the program **must** be completed in no more than six academic years from the time of matriculation. Under extremely unusual circumstances, a student may petition in writing to the Associate Dean for an exception to this policy. Students admitted into the DMD/PhD program are exempt from the six-year stipulation.

## STUDENT RECORDS & REGISTRATION

All students are required to be officially registered before being permitted to attend classes or clinics. A complete admission to and registration in the University includes, but is not limited to, residency status classification and submission of the required medical history and vaccination forms. Failure to complete these or any other part of the admission or registration procedures will make registration incomplete and subject to immediate cancellation.

Students are required to pay all University tuition and fees prior to the first day of classes. If payment is not received, the student's registration will be canceled and the student will be unable to attend classes or participate in patient care activities. When the tuition has been paid, students will be able to register but will be charged a "late registration" fee.

### The Dean's Authority

The Dean of the SOD has the authority to waive or modify any academic decisions, or develop an alternative course of action. The Associate Dean may delegate his/her authority as outlined in this document at their discretion.

Academic Guidelines *(revised 12/29/2011)*                                             Page 9 of 10

Appendix A:

**UAB**

*University of Alabama at Birmingham*
*School of Dentistry*

## DEFICIENT GRADE REPORT FORM

| DATE: | |
|---|---|
| TO: | |
| FROM: | |
| RE: COURSE NUMBER: | |

| Course Type: (Select One) | ☐ | DIDACTIC | ☐ | CLINIC | ☐ | PRECLINCAL |
|---|---|---|---|---|---|---|

This memorandum is sent to you with respect to your performance, which is well below the expected level. Please give careful attention to the comments, recommendations, and plan.

COMMENTS REGARDING STUDENT PERFORMANCE AND POTENTIAL TO CORRECT DEFICIENCIES:

RECOMMENDATIONS AND PLAN:

COURSE DIRECTOR SIGNATURE: _____

Copies to: _____ Associate Dean, Academic Affairs
_____ Department Chair